UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEREMY NETTERVILLE** | **CIV. ACTION NO. 3:23-00528** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MADISON PARISH CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by Defendant, Madison Parish Correctional Center. The motion is unopposed. For reasons detailed below, it is recommended that the motion be granted.

## Background

On or about March 21, 2022, Jeremy Netterville ("Netterville"), an inmate at an unspecified facility (but presumably the Madison Parish Correctional Center, see below), was stabbed in the eye by another inmate. (Petition, ¶ 4). Instead of immediately administering aid to his gushing wound, the facility's guards allegedly permitted more than 30 minutes to lapse before transporting him to the medical center. *Id*. Following his treatment at the medical center, Netterville also alleges that he did not receive timely follow-up care. *Id*., ¶ 5. As a result of this "subpar treatment," Netterville suffered "complete loss of his left eye" and deterioration in his right eye. *Id*., ¶ 6.

On March 21, 2023, Netterville filed the instant lawsuit in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana, against Defendants, Madison Parish Correctional Center ("MPCC"); LaSalle Corrections, L.L.C. ("LaSalle"); Correctional

Management Associates, Inc. ("CMA"); Christopher Jay Stinson ("Stinson"); Lt. Marshall ("Marshall"); Lt. Fletcher (incorrectly sued as, "Lt. Flexer") ("Fletcher"); ABC Insurance Company; and Inmate John Doe. (Petition). Netterville alleged that Defendants, acting under color of law, were negligent, grossly negligent, deliberately indifferent, reckless, and malicious in failing to provide him with proper medical care. *Id*. Netterville seeks to recover compensatory and punitive damages for the injuries he sustained, including damages cognizable under the Louisiana and the United States Constitutions. *Id*. He also seeks attorney's fees. *Id*.

On April 21, 2023, Defendants, MPCC, Marshall, Fletcher, Stinson, CMA, and LaSalle, removed this matter to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal). Removing Defendants stress that Netterville's Petition includes allegations that are associated with a federal law claim and that he seeks damages and relief available under federal, but not state, law. *Id*. The undersigned agrees that a federal question is presented on the face of Netterville's properly pleaded complaint and, thus, the court enjoys federal question jurisdiction. *See Swan v. Russell*, Civ. Action No. 22-3101, 2022 WL 16752151, at *3 (W.D. La. Oct. 21, 2022), *R&R adopted,* 2022 WL 16747293 (W.D. La. Nov. 7, 2022).[1]

On April 27, 2023, Defendant, MPCC, filed the instant motion to dismiss for failure to state a claim upon which relief can be granted on the basis that it is not an entity capable of being sued. Netterville did not file a response to the motion, and the time to do so has passed. *See*

---

[1] Of course, if Netterville inadvertently invoked federal law or no longer intends to pursue any claims under federal law, he may seek to voluntarily dismiss those claims and request that his remaining state law claims be remanded to state court. *Id*. If so, he should do so sooner, rather than later.

Notice of Motion Setting [doc. # 8]. Accordingly, the motion is deemed unopposed. *Id*.

### Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

### Analysis

The MPCC seeks dismissal because it lacks the capacity to be sued. Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Thus, the law of Louisiana controls here. *See, e.g., Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, Civ. Action No. 15-0074, 2016 WL 7480504, at *3 (W.D. La. Oct. 31, 2016), *R&R adopted*, 2016 WL 7473776 (W.D. La. Dec. 28, 2016). For an entity to have the capacity to be sued under Louisiana law, it must qualify as a

"juridical person." *Id.* (citing *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006)). A "juridical person" is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ART. 24.

Here, Netterville presented no facts or argument to show that the MPCC is so structured. Furthermore, courts regularly recognize that a parish prison facility is not a juridical person capable of being sued. *Brown v. Med. Dep't St. Martinville Par. Jail*, Civ. Action No. 21-4334, 2022 WL 3333916, at *1 (W.D. La. July 27, 2022), *R&R adopted,* 2022 WL 3330373 (W.D. La. Aug. 11, 2022) (citations omitted).[2] "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Brown v. City of Alexandria*, Civ. Action No. 17-0798, 2018 WL 2425097, at *2 (W.D. La. May 29, 2018) (citations omitted).

Accordingly, because the MPCC lacks the capacity to be sued, Netterville's claims against said Defendant are subject to dismissal, with prejudice. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that Defendant, Madison Parish Correctional Center's motion to dismiss for failure to state a claim upon which can be granted [doc. # 7] be GRANTED, and that Plaintiff Jeremy Netterville's claims against said Defendant only be DISMISSED, with prejudice. FED. R. CIV. P. 12(b)(6).

---

[2] Ultimately, a parish jail is "not an entity, but a building." *Lamar v. Orleans Par. Det. Ctr.*, Civ. Action No. 17-08249, 2019 WL 5790591, at *3 (E.D. La. July 31, 2019), *R&R adopted,* 2019 WL 5785066 (E.D. La. Nov. 6, 2019).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 31st day of July, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE